ESTATE TAX EXEMPTIONS Under 68 O.S. 809 [68-809] (1973), a stepson would be entitled to the exemption where he is an heir under the will of his stepmother and his natural father has predeceased the stepmother. The Attorney General's Office is in receipt of your opinion request wherein you ask, in effect, the following question: 1. Would a stepson be entitled to the exemption as set forth in Title 68 O.S. 809 [68-809] (1973), where he is an heir under the will of his stepmother and his natural father has predeceased the stepmother? Title 68 O.S. 809 [68-809] (1973), provides exemptions from the estate tax for those who are parents, spouse, children or descendants. Section 68 O.S. 809 [68-809] provides: "If any portion of said net estate as herein determined, in excess of the deductions allowed in Section 808 of this title passes to the father, mother, wife, husband, child, child of husband or wife, adopted child or any lineal descendant of decedent or of such adopted child, there shall be deducted from such net estate the portion of said net estate passing to said person or persons to the extent of and not exceeding a total aggregate exemption of Sixty Thousand Dollars ($60,000.00), and the tax shall be paid on the remainder at the rates herein set out. It is declared to be intended by this section that where a portion of the net estate passes to any of the parties named herein, no greater amount shall be deducted from the net estate than passes to that person or persons combined and that said exemption shall in no event exceed the amount of Sixty Thousand Dollars ($60,000.00), regardless of the amount of the estate that may pass to any or all of said person or persons; provided, that when the property comprising the estate of the decedent consists of property within and property without the state, only such percentage of the exemptions and deductions enumerated in this section, and in the preceding section shall be allowed as the ratio of the value of the estate within this state bears to the value of the entire estate." (Emphasis added) The previous Section 68 O.S. 809 [68-809] provided in part: "If any portion of said net estate, as herein determined, in excess of deductions allowed in the preceding section passes the father, mother, wife, husband, child, adopted child or any lineal descendant of decedent or of such adopted child, . . . " The new amendment to Section 809 specifically included the provision "child of husband or wife" as an additional person or persons to whom a portion of the net estate may pass in order to be subject to the Sixty Thousand Dollar ($6(),000.00) exemption. The question raised in the opinion request is whether a stepson would be entitled to the exemption where he is an heir under the will of his stepmother. It is apparent that a "child of husband or wife" means a stepchild of the decedent, especially when the statute previously contemplated a child or an adopted child. Further, there being no other qualification that would prevent a stepson, as a child of the husband or wife, from taking any portion of the net estate as provided under Section 809, other than it must pass to such individual; where a stepson is an heir under the will of his stepmother, a portion of the estate will pass and therefore enable the individual to take advantage of the exemption. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that under 68 O.S. 809 [68-809] (1973), a stepson would be entitled to the exemption where he is an heir under the will of his stepmother and his natural father has predeceased the stepmother. (Donald B. Nevard)